|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| Angel Michael Crockford, <br><br> Plaintiff <br> v. <br><br> Clark County Department of Family Services, et al., <br><br> Defendants | Case No.: 2:25-cv-00917-JAD-MDC <br><br> **Order Denying Emergency Motions for a Temporary Restraining Order and Preliminary Injunction** <br><br> [ECF Nos. 4, 5] |

Plaintiff Angel Michael Crockford sues the Clark County Department of Family Services' Child Protective Services unit (CPS), two of its caseworkers, two Clark County District Attorneys, and his ex-wife Alicia Renee Crockford for violations of his Fourteenth Amendment rights during a state-court custody dispute. He moves on an emergency basis for a temporary restraining order and preliminary injunction enjoining CPS and the state court from "undermin[ing] or restrict[ing]" Crockford's legal rights. Because Crockford has not met his burden to show that he is likely to succeed on the merits of his due-process claim, I deny his motions.

**Discussion**

**A.     Legal standards**

Temporary restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[1] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of

---

[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[2] The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[3] Under either approach, the starting point is a merits analysis.

**B.    Crockford has not shown a likelihood of success on his constitutional claim.**

Crockford's allegations stem from contentious custody disputes with his ex-wife Alicia that have spanned several years.[4] In his injunctive-relief motions, he focuses on the injustices that he believes he has suffered in a juvenile-court case related to his daughter M.C. Crockford alleges that he, CPS, the D.A.'s office, counsel for his daughter, and counsel for Alicia agreed to a proposed settlement agreement on the record in early May.[5] But when it came time to sign a stipulation cementing the settlement's terms and dismissing the case, Alicia refused.[6] So the state-court judge denied the stipulation and set the case for trial.[7] Crockford claims that "this sequence of events represents a clear deprivation of due process, as [he] was denied the finality of a negotiated and court-sanctioned settlement without any procedural justification."[8] He

---

[2] *Id.* at 20.

[3] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[4] *See* ECF No. 2 at 6–23 (detailing custody disputes beginning in 2019). Because Angel and Alicia share a last name, I refer to Ms. Crockford as Alicia throughout this order. No disrespect is intended by doing so.

[5] ECF No. 4 at 5.

[6] *Id.*

[7] *Id.*; ECF No. 2 at 23.

[8] ECF No. 4 at 5.

claims that the state-court judge had previously indicated that he would accept the settlement and that his "reversal, based on a post-hearing refusal by one party, was arbitrary, contrary to legal standards, and constitutes judicial overreach."[9] Citing no authority for the proposition, Crockford claims that "[c]ourts have consistently held that once a party complies with court-ordered settlement procedures, and absent new cause or procedural defects, the court's arbitrary reversal of that process can give rise to a valid federal constitutional claim."[10]

      Crockford is not likely to succeed on his due-process claim.  First, he seeks to enjoin the State of Nevada from proceeding with the juvenile-court case, but he has not named the state as a defendant in this case.  The undersigned judge cannot enjoin parties not properly before the court.  But even if Crockford had sued the proper parties, he would not be likely to prevail.  He does not cite any authority applicable to this situation, and the court is not aware of any that would permit the relief he seeks.  Crockford essentially argues that his ex-wife reneged on a settlement agreement, and the state court improperly allowed her to do so.  But the validity of a settlement agreement, and whether a party violated its terms, is a question of state contract law, not federal due-process law.[11]  Crockford does not explain how the state court's decision to proceed to trial in a case that the parties did not ultimately agree to dismiss creates a constitutional issue.  So I deny his motions for a temporary-restraining order and preliminary injunction.

---

[9] *Id.*

[10] *Id.* at 6. Crockford raises several claims in his complaint, but his TRO and PI motions discuss only his Fourteenth Amendment due-process claim. So I consider Crockford's likelihood of success on the merits of that claim only.

[11] *See Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1087 (9th Cir. 2015).

3

**Conclusion**

IT IS THEREFORE ORDERED that Angel Michael Crockford's emergency motions for a temporary restraining order and preliminary injunction **[ECF Nos. 4 and 5] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
June 12, 2025