**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Angel Michael Crockford, <br><br> Plaintiff(s), <br><br> vs. <br><br> Clark County Department of Family Services, et al., <br><br> Defendant(s). | 2:25-cv-00917-JAD-MDC <br><br> **ORDER** |

Pending before the Court are various motions. For the reasons stated below, the

- *Motion for Pro Se Litigant to File Electronically* (ECF No. 6) is **GRANTED.**
- *Motion for Appointment of Counsel* (ECF No. 15) is **DENIED without prejudice.**
- *Motion to Extend Time* (ECF No. 16) is **GRANTED in part.**

## DISCUSSION

### I. BACKGROUND

This is a case arising from alleged constitutional violations during a child custody dispute. Plaintiff alleges that his Fourteenth Amendment Due Process rights were violated. Plaintiff brings his case under 42 U.S.C. § 1983.

### II. MOTION TO FILE ELECTRONICALLY (ECF No. 6)

Pending before the Court is plaintiff's *Motion for Pro Se Litigant to File Electronically* (ECF No. 6). Plaintiff seeks permission to "electronically file documents through the Court's CM/ECF system for efficiency and convenience." *Id.* at 2. Plaintiff asserts that he is "familiar with the CM/ECF system and will comply with all electronic filing rules and requirements." *Id.* Local Rule IC 2-1(b) provides that "[a] pro se litigant may request the court's authorization to register as a filer in a specific case." Plaintiff appears to have a word processing program, therefore the Court grant's the motion to file electronically.

//

//

**III.  MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 15)**

Pending before the Court is *pro se* defendant Alicia Renee Cuscianna/Crockford's *Motion for Appointment of Counsel* (ECF No. 15). For the reasons stated below, the Court denies the motion without prejudice.

### A. Legal Standard

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn, supra*, 789 F.2d at 1331.

### B. Analysis

The Court finds that defendant Cusciana/Crockford has failed to show that exceptional circumstances exist to warrant appointment counsel. Defendant states she "is currently without legal representation and is unable to afford an attorney." *ECF No. 15 at 2.* Neither the lack of adequate legal knowledge, lack of resources, nor desire to ensure justice are exceptional circumstances warranting the appointment of counsel. *Zamaro v. Moonga*, 656 Fed. Appx. 297, 299 (9th Cir. 2016); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *see also Sands v. Lewis*, 886 F.2d 1166, 1169 (9th

Cir. 1989) ("[T]he Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation."). Therefore, defendant's motion for appointment of counsel is denied without prejudice.

**IV.   MOTION TO EXTEND TIME (ECF No. 16)**

The Court notes that defendant Cusciana/Crockford's *Motion to Extend Time* (ECF No. 16) is the same document as her *Motion for Appointment of Counsel* (ECF No. 15). It appears that defendant has file a motion, seeking two forms of relief on one document. Pursuant to LR IC 2-2(b), a separate document must be filed for each type of relief sought. Defendant is cautioned that in the future she must comply with the local and federal rules. *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, "a defendant must serve an answer within 21-days after being served with the summons and complaint" or "within 60 days" if it has "timely waived service." *Fed. R. Civ. P. 12(a)(1)*. Defendant was served on June 2, 2025. *See ECF No. 10*. There is no indication that defendant waived service. Therefore, the time to file an answer was 21-days from the date of service.

Defendant Cusciana/Crockford seeks a 90-day extension to file a proper response to plaintiff's Complaint. *See ECF No. 16 at 2*. Defendant has failed to provide any points and authorities in support of her relief. Specifically, defendant has not shown that a 90-day extension to file a response to the complaint is warranted. LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). However, the Court acknowledges that defendant's *pro se* status may require additional time to file a response, and grants in part the motion for extension of time. The Court will grant defendant 45-days to file a response to plaintiff's complaint.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Pro Se Litigant to File Electronically* (ECF No. 6) is **GRANTED** with the following provisions:

    a. Plaintiff is authorized to register as a filer in this case. LR IC 2-1(b)

    b. Plaintiff must submit a completed registration form available on the court's website at https://www.nvd.uscourts.gov/e-filing-permission/.

    c. Once registered, plaintiff must comply with all Local Rules, especially LI IC 2-2.

2. The *Motion for Appointment of Counsel* (ECF No. 15) is **DENIED without prejudice.**

3. The *Motion for Extension of Time* (ECF No. 16) is **GRANTED in part** as follows:

    a. Defendant Cusciana/Crockford shall respond to the complaint within **45-days** form the date of this Order.

DATED this 15th day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.