UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Angel Michael Crockford,<br><br>        Plaintiff,<br><br>vs.<br><br>Clark County Department of Family Services, et al.,<br><br>        Defendants. | 2:25-cv-00917-JAD-MDC<br><br>ORDER |

Pending before the Court is defendants Clark County Department of Family Services, Parrish Sampson, Clark County District Attorney's Office, Steven B. Wolfson, Megan Miller, Michele Fisher's ("Clark County defendants") *Motion to Stay Discovery* (ECF No. 57). For the reasons stated below, the Court GRANTS the *Motion to Stay Discovery.*

**DISCUSSION**

**I. BACKGROUND**

The facts underlying this case appears to arise from a separate state custody dispute. In this case, plaintiff sues Clark County defendants and defendant Alicia R. Crockford/Cuscianna for violation of his duty process rights under the Fourteenth Amendment and malicious prosecution related to those custody proceedings.

The Clark County defendants seek to stay discovery pending resolution of their *Motion to Dismiss* (ECF No. 31). *See ECF No. 57.* Defendant Crockford/Cuscianna joins in on the motion. *See ECF No. 68.* Plaintiff opposes.

**II. MOTION TO STAY DISCOVERY**

    **A. Legal Standard**

        **a. The Court Has Inherent Discretion To Control Discovery**

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

      **b. The Pragmatic Approach**

      The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, 2024 U.S. Dist. LEXIS 90611, at *4 (D. Nev. May 21, 2024); *ECF No. 21*. The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

    **B. Analysis**

      The Clark County defendants and defendant Crockford/Cuscianna seek to stay discovery pending resolution of the *Motion to Dismiss* (ECF No. 31). *See ECF No. 57, 68.* Defendants allege, and plaintiff does not dispute that discovery is not necessary to oppose the motion to dismiss. Plaintiff asserts that "discovery is not needed to defeat the motion to dismiss but to develop the factual record necessary to prove Plaintiff's constitutional claims…" *See ECF No. 67.* However, this is not the standard the Court looks to when determining whether a stay is appropriate. The standard is whether discovery is needed to determine a motion to dismiss, *not* whether discovery is needed to establish liability/damages or whether discovery could lead to amendments. *See e.g.*, *Maldondano v. HSBC Mortg. Servs.*, 2017 U.S. Dist. LEXIS 3876, at *2-3 (D. Nev. Jan. 10, 2017); *Schrader v. Wynn Las*

*Vegas, LLC*, 2021 U.S. Dist. LEXIS 198974, at *fn.1 (D. Nev. Oct. 14, 2021). Furthermore, good cause exists to stay discovery in this case.

      The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1.  Thus, good cause exists where a staying discovery secures "the just, speedy, and inexpensive determination" of the action.  Fed. R. Civ. P. 1.; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."). *See also Schrader*, 2021 U.S. Dist. LEXIS 198974, *12 (good cause may be found where a movant seeks to stay discovery to prevent the undue burden or expense). Staying discovery under the circumstances of this case furthers the goals of Rule 1. Plaintiff has numerous claims against numerous defendants. Resolution of the *Motion to Dismiss* would provide for either a clear and concise statement of the claims against defendants or complete dismissal of plaintiff's claims and save all parties from the expenses of unnecessary discovery at this time. Therefore, the Court GRANTS the *Motion to Stay* (ECF No. 57) and *Joinder* (ECF No. 68).

//
//
//
//
//
//
//
//
//
//
//

//

//

### III. CONCLUSION

Because plaintiff does not dispute that discovery is not needed to adjudicate the pending motion to dismiss, the Court finds that good cause exists to grant a stay in discovery. Discovery will be stayed until adjudication of the pending *Motion to Dismiss* (ECF No. 31).

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Stay Discovery* (ECF No. 57) and *Joinder* (ECF No. 68) are **GRANTED**.

    a. Discovery for all parties is stayed until adjudication of the *Motion to Dismiss* (ECF No. 31)

    b. Parties shall meet and confer in good faith and file a stipulated discovery plan and scheduling order within 21-days of a denial of the motions to dismiss in part or in whole.

DATED this 1st day of August 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.