# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Angel Michael Crockford,

    Plaintiff

v.

Clark County Department of Family Services, et al.,

    Defendants

Case No.: 2:25-cv-00917-JAD-MDC

**Order Resolving Motions, Directing Renewed Briefing on the County's Motion to Dismiss, and Striking Rogue Filings**

[ECF Nos. 32, 36, 39, 42, 58, 55, 62, 72, 75, 85, 92]

Pro se plaintiff Angel Michael Crockford sues the Clark County Department of Family Services, several County employees,[1] and his ex-wife Alicia Renee Cuscianna[2] for the wrongs he believes he's endured over the course of a contentious child-custody dispute. The docket in this case has exploded with filings since it was initiated just three months ago. I issue this order to clean up the docket, advise the pro se parties of some rules they must follow, and resolve ancillary motions to the pending motion to dismiss and motion for a temporary-restraining order and preliminary injunction, which will be resolved in due course.

---

[1] I refer collectively to the County defendants as "the County" for clarity's sake only. In doing so I express no opinion about the validity of the County defendants' argument in their motion to dismiss that Clark County must be named as a defendant in this case.

[2] Alicia is identified in the complaint as Alicia Crockford. Because it appears that she has changed her name, I refer to her as Cuscianna throughout this order.

**Discussion**

**A.     ECF Nos. 38 and 39 are struck, and ECF No. 49 is Crockford's operative response to the County's motion to seal.**

In early July, the County filed a motion to seal its response to Crockford's still-pending motions for a temporary-restraining order and preliminary injunction.[3] Crockford opposed that motion because he believed that the County was attempting to withhold the documents from him.[4] He also moved to compel the County to provide those documents to him.[5] And he filed a separate response to the merits of the County's motion, arguing that it seeks to seal more than required.[6] The County moved to strike that motion because Crockford had already filed a response.[7]

This flurry of motions stems from Crockford's misunderstanding of what the County sought to do with its motion to seal. He believed that the County was attempting to seal the documents from his view.[8] After the County clarified that was not its intent and confirmed that it gave Crockford all of the sealed documents,[9] Crockford moved to strike his initial response and his motion to compel and to clarify that his merits response should be considered as the only response to the motion to seal.[10]

---

[3] ECF No. 32.
[4] ECF No. 38.
[5] ECF No. 39.
[6] ECF No. 49.
[7] ECF No. 55.
[8] *See* ECF Nos. 38, 39.
[9] ECF No. 46.
[10] ECF No. 62.

The County doesn't oppose Crockford's motion to strike and agrees that his merits response should be considered his operative response to its sealing motion.[11] So, because the parties agree that Crockford's earlier filings on this matter should be struck, I grant Crockford's motion and strike those filings. Crockford is advised that if this situation comes up in the future, he may simply file a notice withdrawing his own filings—he need not move to strike them. And because the County agrees that Crockford's merits response should be considered as his only response to its motion to seal, I deny as moot its motion to strike that document. The County is advised that it could have also withdrawn its motion to strike once it determined that it was no longer justified in seeking that relief.

**B.     The County's motion to seal its response to Crockford's injunction motions is denied without prejudice to its ability to refile the motion and the documents that warrant sealing in accordance with Ninth Circuit standards and this court's local rules.**

The County's motion to seal seeks to seal the entirety of its response to Crockford's injunction motions and its attached Exhibit 1—which contains various documents from the underlying state-court cases—based on its representations that the documents contain child-welfare-service and medical records that should not be made public.[12] Crockford opposes because sealing the entire response is too broad and "the public has a compelling interest in understanding how the child welfare system is used—at times allegedly abusively—under color of law."[13] He asks that most of the documents be unsealed in a redacted form.[14]

---

[11] ECF Nos. 81, 82.
[12] ECF No. 32.
[13] ECF No. 49 at 4.
[14] *Id.* at 9.

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[15] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[16] A party seeking to seal judicial records attached to dispositive motions like the injunction motions at issue here[17] can overcome the strong presumption of access by providing "sufficiently compelling reasons" that override the public policies favoring disclosure.[18] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records" and "articulate a factual basis for each compelling reason to seal."[19]

The County moves to seal the entirety of its response and 61-page exhibit because they contain child-welfare-service records and medical information.[20] It relies on Nevada Revised Statute (NRS) 432B.280, which states that "information maintained by an agency [that] provides child welfare services, including . . . reports and investigations . . . is confidential"[21] and NRS 432B.290(2)(e), which permits child-welfare agencies to provide that information to a

---

[15] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[16] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[17] For sealing purposes, the Ninth Circuit considers dispositive any motion that "is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (citations omitted). Crockford's injunction motions and the County's response obviously meet that definition, and both parties agree. *See* ECF Nos. 32 and 49 (both analyzing the sealing issue under the compelling-reasons standard).

[18] *In re Midland*, 686 F.3d at 1118; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

[19] *In re Midland*, 686 F.3d at 1119 (citations omitted).

[20] ECF No. 32 at 3.

[21] Nev. Rev. Stat. § 432B.280(1).

"court other than a juvenile court, for in camera inspection only, unless the court determines that public disclosure of the information is necessary for the determination of an issue before it[.]"[22] It also argues that some of the information in the exhibits contains private medical information.[23]

      I have reviewed the sealed response and exhibits in camera, and I conclude that, though there are compelling reasons to seal portions of the County's exhibit that contain child-welfare reports and information concerning allegations of minor abuse before a juvenile court, the bulk of the County's response and omnibus exhibit do not appear to contain any such information. Much of the County's response discusses facts that have nothing to do with child-welfare reports and investigations, and many of the exhibits are merely court minutes discussing various proceedings related to the state-court custody cases at issue here. But because the County filed one exhibit containing several different documents, it's difficult to assess where one exhibit ends and another begins, and which ones should be sealed. The County's omnibus exhibit, attached as part of the base document, also violates this district's Local Rule IA 10-3, which makes it impossible for the court to maintain the seal on some portions of the document but not others. So, because the County failed to narrowly tailor its sealing request to the information that should be sealed, and because the manner in which the County filed its response prevents the court from unsealing the portions that don't appear to satisfy the compelling-reasons standard, I deny its motion to seal.

      But because some of the County's documents do contain sensitive information, I am ordering a do-over. The County must take another look at its response and exhibits and apply a more narrowly tailored approach to its sealing request. It must break up its "Exhibit 1" into

---

[22] Nev. Rev. Stat. § 432B.290(2)(e).

[23] ECF No. 32 at 3.

distinct exhibits for each document provided, and it must determine which of those exhibits actually warrant sealing.  The County must update its footnote references to those exhibits in its response, **but it may not make any substantive changes to the content of its response**.  And, because it's clear that sealing the entire response isn't warranted here, the County must propose redactions to its response that are limited only to the content that it contends should be sealed. The County may file under seal only the unredacted version of its response and the specific exhibits that it contends warrant sealing; it must file the redacted response on the public docket. The amended response and exhibits must comply with LR IA 10-3 and IC 2-2(a)(3): the County must provide an index of exhibits; each exhibit must include a cover sheet describing the exhibit's contents; and each exhibit must be attached as a separate file (not as part of the base document, and not grouped together).  The County must also file a renewed motion to seal explaining in more detail why the particular documents it identifies should remain sealed within 10 days of this order.

**C.   Defendant Alicia Renee Cuscianna's joinder to the County's motion to dismiss is not an appropriate way for her to answer Crockford's complaint, so the joinder is denied and all filings relating to that joinder are struck.**

Pro se defendant Alicia Renee Cuscianna has appeared in this case but has not yet filed an answer or other responsive pleading to Crockford's amended complaint.  Instead, she filed a "notice of joinder" to the County's motion to dismiss.[24]  "Allowing one party to join another party's motion is a matter well within the district court's substantial case management discretion."[25]  Some courts in this district allow a party to join in a motion "when either (1) the

---

[24] ECF No. 42.

[25] *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1002 (E.D. Cal. 2022) (quoting *United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 956 (8th Cir. 2017) (cleaned up)).

6

parties are so similarly situated that filing an independent motion would be redundant, or (2) the party seeking joinder specifically points out[] which parts of the motion apply to the joining party, the joining party's basis for standing, and the factual similarities between the joining party and the moving party that give rise to a similar claim or defense."[26]

Cuscianna's notice of joinder does not satisfy these standards, and I exercise my discretion to deny it.  The County defendants' dismissal arguments relate to the claims against them, not her, and the differences between the claims against the parties and their statuses as state and individual actors render much, if not all, of the County's motion inapplicable to the claims against Cuscianna.  Cuscianna's reply in support the County's motion to dismiss elucidates these differences.  She argues that Crockford's opposition to the County's motion doesn't "allege specific conduct attributable to" Cuscianna.[27]  That's because the motion to dismiss doesn't discuss any of Crockford's allegations against Cuscianna.  And she acknowledges that the opposition doesn't sufficiently argue that she should be subject to § 1983 liability.[28]  In Crockford's complaint, he alleges that Cuscianna is liable under § 1983 under the joint-action doctrine, which may permit a civil-rights action against a non-state actor if the plaintiff can show that she is "jointly engaged with state officials in the challenged action."[29]  That legal doctrine does not apply to the County defendants, so they did not analyze it in their

---

[26] *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151 (C.D. Cal. 2016) (collecting cases).

[27] ECF No. 72 at 2.

[28] *Id.*

[29] ECF No. 1 at 51; *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).  I make no finding at this stage about whether Crockford's joint-action allegations are sufficient to maintain a § 1983 claim against Cuscianna.  I mention it here only to explain why Crockford's claims against Cuscianna are legally distinct from those that he lodges against the County and will require separate analysis.

7

motion to dismiss.  If Cuscianna believes that the claims against her cannot withstand dismissal for any reason, she must file her own motion to dismiss focusing on the factual allegations and legal claims that Crockford has lodged against her.

So, to summarize what the court will and will not consider when addressing the County's motion to dismiss, I deny Cuscianna's joinder, strike Crockford's response to her joinder,[30] strike her reply in support of the County's motion to dismiss,[31] and deny as moot Crockford's motions to file a surreply to Cuscianna's now-struck reply.[32]  Cuscianna will have the opportunity to file her own responsive pleading to Crockford's amended complaint.  Her responsive pleading—whether that takes the form of a motion to dismiss or an answer—must be filed by Friday, August 29, 2025.[33]

**D.  Crockford's motion for entry of clerk's default against defendants Parrish Sampson, Michele Fisher, and Megan Miller is denied.**

Crockford moves for entry of clerk's default against CPS caseworker Parrish Sampson, CPS supervisor Michele Fisher, and Assistant District Attorney Megan Miller, contending that they have "failed to plead or otherwise defend" themselves against his claims under Federal Rule of Civil Procedure 55(a).[34]  The County responds that the Attorney General is representing all of the defendants employed by the County and that the motion to dismiss filed at ECF No. 31 was filed on behalf of each County defendant, so Sampson, Fisher, and Miller have responded to

---

[30] ECF No. 56.
[31] ECF No. 72.
[32] ECF Nos. 85, 92.  These motions appear identical.
[33] *See* ECF No. 47 at 4 (extending Cuscianna's deadline to respond to the amended complaint by 45 days from July 15, 2025).
[34] ECF No. 58.

8

Crockford's amended complaint. Crockford retorts that he sued those defendants in their individual capacities, so they must respond individually.[35]

NRS 41.0339 permits the attorney general to "provide for the defense . . . of any present or former . . . officer or employee of the State or political subdivision . . . in any civil action brought against that person based on any alleged act or omission relating to the person's public duties or employment . . . ."[36] Though Crockford sues the individual County defendants in their individual capacities, its clear from the allegations in the complaint that he sues them because of work they did (or failed to do) in their capacities as County employees. He confirms as much in his reply in support of his default motion when he reiterates that he sues these individuals for actions they took under color of state law.[37] The Attorney General's Office is representing them against those allegations, as state law permits it to do. And the motion to dismiss filed by the County defendants clearly moves to dismiss the claims against Sampson, Fisher, and Miller.[38] So, because Sampson, Fisher, and Miller have responded to Crockford's amended complaint through their attorney at the Attorney General's Office, FRCP 55(a) has not been triggered and Crockford is not entitled to an entry of clerk's default against them.

---

[35] ECF No. 84 at 2.

[36] Nev. Rev. Stat. § 41.0339(1).

[37] ECF No. 84 at 5. Crockford's insistence that the distinction between personal-capacity suits and official-capacity suits under § 1983 law requires that a state official must personally represent herself in personal-capacity suits is incorrect. Whether sued in her personal or official capacity, a § 1983 defendant is sued for actions taken "under color of state law," meaning that they took those actions within the scope of their public employment. All the actions that Crockford ascribes to the individual defendants were directly related to their roles as CPS or DA employees. So state law permits the Attorney General's Office to represent them, and it has done so by filing a responsive pleading on their behalf.

[38] *See* ECF No. 31 at 6.

**E.  The court reminds the parties of their obligation to follow this district's local rules.**

   *1.  Briefs are limited to a motion, one response, and one reply.  Supplemental documents and surreplies are not permitted without leave of court.*

A review of the bloated docket in this case warrants a reminder to the parties that they must carefully review and abide by this district's local rules and the Federal Rules of Civil Procedure.  All litigants—including those representing themselves—are held to the same requirement that they follow the court's procedural rules.[39]  Particularly relevant to this case are the local rules governing what may and may not be filed, what may only be filed with leave of court, and the page limits this court imposes on filings.  A party filing a motion is limited to filing the motion, which must be supported by a memorandum of points and authorities that "state[s] with particularity the grounds for seeking the order" and "state[s] the relief sought,"[40] and a reply.  The party opposing that motion may file **one** response, which must also contain supporting points and authorities, to the motion.[41]

"Surreplies are not permitted without leave of court" and "motions to for leave to file a surreply are discouraged."[42]  Supplemental "pleadings, briefs, authorities, or evidence" must also not be submitted without an accompanying motion seeking leave to file those documents.[43]  A party moving to file supplemental briefing must support their motion with a showing of good cause explaining why the information contained in the supplement could not have been brought

---

[39] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

[40] Fed. R. Civ. P. 7(b)(1); L.R. 7-2(a).

[41] L.R. 7-2(b).

[42] L.R. 7-2(d).

[43] L.R. 7-2(g).

in the original briefing and why the information requires consideration by this court.[44] Crockford did not follow that rule for at least one document: ECF No. 36. It purports to contain additional evidence in support of Crockford's injunction motions and his response to the County's motion to dismiss.[45] So I strike that document without prejudice to his ability to seek leave to refile that document in accordance with the local rules.

### *2.    In the future, all documents filed with this court must comply with the page limits established by Local Rule 7-3.*

Motions, responses, and replies must also comply with the page limitations set out in the local rules. With the exception of summary-judgment motions, all motions and responses are limited to 24 pages double spaced, and replies are limited to 12 pages.[46] There are strict rules that a party must follow to exceed the court's page limits. A motion to exceed page limits must not exceed three pages, "must be filed **before** the motion or brief is due[,] and must be accompanied by a declaration stating in detail the reasons for, and number of, additional pages required."[47] The moving party must show that there is good cause to grant its request.[48]

It is only the *rare brief* that requires an extension of the page limits. Crockford's response[49] to the County's motion to dismiss—for which he belatedly[50] seeks leave to exceed the

---

[44] *Id.*
[45] ECF No. 36.
[46] L.R. 7-3(b).
[47] L.R. 7-3(c).
[48] *Id.*
[49] *See* ECF No. 59.
[50] The fact that Crockford filed his motion to exceed the page limits after he filed that response is grounds alone to deny his motion. But I overlook that procedural deficiency this time only to focus on why his request isn't supported by good cause. I also note that Crockford's motion also seeks leave to exceed the page limit on his response to the County's motion to stay discovery. The magistrate judge has since granted the County's motion to stay, ECF No. 83, so I consider

24-page limit—is not that rare brief. The County's nine-page motion to dismiss focuses on seven discrete legal reasons why it contends that Crockford's complaint must be dismissed.[51] Even providing some leeway considering Crockford's pro-se status, it is well within his ability to respond to those arguments within 24 pages. Crockford's motion to exceed page limits by about 57 pages focuses on the "extraordinary complexity, constitutional magnitude, and factual depth of this civil-rights action" as the reasons to extend the page limit.[52] I do not discount Crockford's assertion that these are important issues, but the fact that his complaint alleges constitutional claims does not make his case exceedingly complex or alone warrant an extension of the page limits. This court handles cases alleging a wide array of constitutional violations daily, and most of the litigants in those cases are able to adhere to the district's page limitations.

And while Crockford's complaint alleges facts spanning several years, that is not a sufficient reason to exceed the page limit for this particular document. Crockford's opposition need only respond to the specific arguments raised in the County's dismissal, and most of those arguments do not depend on the facts of the case. They instead focus on legal principles that the County believes bar Crockford's suit. When resolving a motion to dismiss, the court will analyze the facts alleged in the complaint alongside the arguments that the parties made in their briefs. Crockford need not repeat factual detail in his response that isn't directly relevant to the County's arguments—I will be aware of those details because I will read his complaint.

With all that said, I will consider Crockford's 81-page response as a **one-time courtesy** to him, recognizing his pro se status and the fact that he has been showing a concerted effort to

---

that portion of Crockford's motion to be denied as moot. I also advise Crockford that, in the future, he must file separate motions for each type of relief he requests. *See* L.R. IC 2-2(b).

[51] ECF No. 31.

[52] ECF No. 75 at 2.

follow the procedural rules of this court in subsequent filings.[53]  But he is cautioned that this courtesy will not be extended again, and it is unlikely that I will grant any future motions to exceed the page limits.  So while I deny his motion to exceed the page limit because it is untimely and does not establish good cause, I will nevertheless consider his 81- page response when ruling on the County's motion to dismiss.

## Conclusion

IT IS THEREFORE ORDERED that the County defendants' motion to seal **[ECF No. 32] is DENIED** without prejudice to their ability to file a renewed motion that complies with Ninth Circuit standards, this district's local rules, and this order **within 10 days**.  Crockford may file a response to the motion to seal, not to exceed 24 pages, **within 14 days after service of the motion**.  The Clerk of Court is directed to MAINTAIN THE SEAL on ECF No. 33 until further order.

IT IS FURTHER ORDERED that Crockford's motion to strike **[ECF No. 62] is GRANTED.**  The Clerk of Court is directed to **STRIKE ECF Nos. 38 and 39.**

IT IS FURTHER ORDERED that the County's motion to strike **[ECF No. 55] is DENIED** as moot.

IT IS FURTHER ORDERED that defendant Alicia Renee Crockford/Cuscianna's joinder to the County's motion to dismiss **[ECF No. 42] is DENIED**, and all briefs related to that filing must be struck.  The Clerk of Court is thus directed to **STRIKE ECF Nos. 56 and 72**.

---

[53] *See* ECF No. 75 (moving to exceed the page limit after the County argued that he violated the local rules); ECF Nos. 85, 92 (moving to file a surreply instead of simply filing one).  I'll also consider his 84-page reply in support of his injunction motions, despite the fact that it is also woefully oversized.  *See* ECF No. 44.

Crockford's motions to file a surreply in response to ECF No. 72 **[ECF Nos. 85 and 92] are thus DENIED** as moot.

IT IS FURTHER ORDERED that Crockford's motion for the entry of clerk's default against defendants Parrish Sampson, Megan Miller, and Michele Fisher **[ECF No. 58] is DENIED.**

IT IS FURTHER ORDERED that Crockford's motion to exceed the page limit for his response to the County's motion to dismiss **[ECF No. 75] is DENIED**. Nevertheless, the court will consider his oversized response for the purposes of resolving the County's motion as a one-time courtesy.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **STRIKE ECF No. 36** because it is a supplement filed without first seeking leave of court as required by Local Rule 7-2(g).

_____
U.S. District Judge Jennifer A. Dorsey
August 8, 2025