UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Angel Michael Crockford,

    Plaintiff

v.

Clark County Department of Family Services, et al.,

    Defendants

Case No.: 2:25-cv-00917-JAD-MDC

**Order Granting in Part Clark County's Motion to Dismiss, Granting Clark County's Motion to Seal, Granting Cuscianna's Motion to Dismiss, Denying all Other Motions as Moot, and Staying Remaining Claims under *Younger v. Harris***

[ECF Nos. 25, 26, 31, 86, 101, 109]

Angel Michael Crockford sues the Clark County Department of Family Services, the Clark County District Attorney's Office, individual employees of both agencies, and his ex-wife Alicia Renee Cuscianna for alleged transgressions that took place during state-court child-custody proceedings. Clark County, on behalf of its departments and employees, moves to dismiss because Crockford didn't exhaust administrative remedies, his complaint fails to state a claim, and this court should abstain from hearing this case under *Younger v. Harris*,[1] and it moves to seal some documents related to its briefing. Cuscianna also moves to dismiss, contending that she is not a state actor and thus cannot be sued for constitutional violations. For his part, Crockford moves for a temporary restraining order and a preliminary injunction, and he objects to the magistrate judge's order granting Clark County's motion to stay discovery.

I dismiss Crockford's § 1983 claim against Cuscianna because she is a private actor and Crockford's joint-actor theory doesn't apply to the facts alleged in the complaint. And I decline to exercise supplemental jurisdiction over Crockford's state-law claims against his ex-wife, so I

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

dismiss those claims without prejudice to Crockford's ability to refile them in state court. I conclude that the *Younger* abstention doctrine bars this court's consideration of Crockford's claims against the remaining defendants. His state-court actions remain pending, and his arguments insisting that *Younger* doesn't apply are unavailing. So I grant the County's motion in part and dismiss Crockford's complaint to the extent that it seeks injunctive and declaratory relief, but I stay his claims for monetary damages against the County defendants pending the final outcome of all the state proceedings referenced in the complaint. I then grant Clark County's motion to seal documents related to the child-custody proceedings and I deny all remaining motions as moot. Crockford is advised that this case is now STAYED, so he may not file anything else in this action until his state-court cases including any appeals have concluded. At that point, Crockford may file a motion to lift the stay. All other motions or filings may be denied or struck without prior notice.

**Discussion**

**A.    The *Younger* abstention doctrine bars consideration of Crockford's claims against the County defendants.**

The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris* prevents federal courts from interfering in pending state-court proceedings even if there is an allegation of a constitutional violation.[2] Federal courts may only intervene if there is an extraordinary circumstance that creates a threat of irreparable injury that cannot be eliminated through proper motion practice in the state-court case.[3] The *Younger* abstention doctrine

---

[2] *Id.* at 53–54.
[3] *Id.*

2

"reflects the strong federal policy against federal interference with state judicial proceedings,"[4] and "minimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights."[5] The Ninth Circuit has articulated "a four-part test to determine when *Younger* requires" a federal court to abstain: "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."[6]

All four of these factors are present here. Crockford's complaint alleges that the proceedings in state court are ongoing after a negotiated settlement agreement fell through. The proceedings also implicate important state interests: the Supreme Court and Ninth Circuit have long held that *Younger* abstention is appropriately applied to challenges arising from child-custody and parentage proceedings.[7] And it's clear from Crockford's complaint and the exhibits he attaches to his motion for a temporary restraining order that he has been given the opportunity to raise his allegations in the state-court proceedings, even if he was dissatisfied with the state court's rulings on those issues. And if this court were to wade into the issues that Crockford raises—among them, whether the state-court judge issued proper rulings and whether representatives from the District Attorney's Office suppressed evidence—granting his requested relief would have the practical effect of enjoining the state court's proceedings.

---

[4] *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998).

[5] *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

[6] *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[7] *Moore v. Sims*, 442 U.S. 415, 423, 429 (1979); *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977); *Ankenbrandt v. Richards*, 504 U.S. 689, 697–701 (1992).

Crockford insists that *Younger* abstention doesn't apply because the state proceedings were maintained in bad faith and for retaliatory purposes, they are rife with "flagrant constitutional violations," and "the state forum is inadequate to protect federal rights."[8]  But stripped of Crockford's conclusory statements that the wrongs he suffered amount to constitutional violations, the facts simply don't support those conclusions.  For example, Crockford asserts that one of the caseworkers didn't present exculpatory evidence to the court because she didn't find it relevant, and he contends that the caseworker's actions violated her constitutional duty not to suppress exculpatory evidence under *Brady v. Maryland*.[9]  But Crockford acknowledges that he received the evidence he is complaining of; indeed, at one point he confirms that he is the one who gave some of that evidence to the caseworker.  So his complaint doesn't allege any suppression of exculpatory evidence in *Brady* because a *Brady* violation happens only when the state fails to turn over evidence to the defendant in a criminal case; *Brady* does not require the state to present all exculpatory evidence in open court.[10]

Crockford's allegations of bias by the state-court judge also don't show that the state court is incapable of ruling on his constitutional concerns.  Crockford asserts that the judge's decision to reject a settlement that wouldn't resolve all of the issues in the two relevant cases "reveals retaliatory animus and conditions dismissal of the dependency case upon [his] silence and forfeiture of constitutional rights . . . ."[11]  But none of the actual facts he alleges supports the

---

[8] ECF No. 59 at 45.

[9] *Id.* at 45–46.

[10] *See Kyles v. Whitley*, 514 U.S. 419, 432 (1995).  It's also unclear if *Brady*'s obligations apply to Crockford's civil state-court disputes.  *Brady* requires the prosecution to turn over exculpatory evidence to the defendant in criminal cases, and there is no indication that the disputes at issue here are criminal in nature.

[11] ECF No. 59 at 28.

inference that the judge's actions had anything to do with Crockford's assertion of his First Amendment rights.  And even if Crockford believes that the trial court judge will not address his concerns, his proper course of action is to challenge those rulings through the state-court appellate process, not to turn to federal court.[12]  So I find that *Younger* abstention is appropriate in this case.

      The *Younger* abstention doctrine generally requires the federal court to dismiss a plaintiff's claims for injunctive or declaratory relief.[13]  But if the plaintiff seeks monetary damages related to conduct in the state-court proceedings, that portion of the federal case must instead be stayed until the state case concludes.[14]  So I dismiss Crockford's claims against the Clark County defendants to the extent that they seek injunctive or declaratory relief,[15] but I stay his claims for monetary relief.[16]  Once Crockford's state-court cases have concluded through appeal, he may file a motion to lift this stay so that this case can then—and only then—move forward.

**B.   Cuscianna is a private actor not subject to suit under § 1983, and Crockford's joint-actor theory isn't supported by the facts.**

      Crockford asserts two § 1983 claims against his ex-wife Alicia Cuscianna, along with several state-law claims.  He acknowledges that § 1983 applies only to state actors and that

---

[12] *Dubinka v. Judges of Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("The Supreme Court has held that *Younger* abstention applies to prevent federal intervention in a state judicial proceeding in which a losing litigant has not exhausted his state appellate remedies."); *Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) ("[P]roceedings are deemed on-going for purposes of *Younger* abstention until state appellate review is completed . . . .").

[13] *Gilbertson*, 381 F.3d at 981.

[14] *Id.*

[15] ECF No. 24 at 73–75.

[16] *Id.* at 75.

5

Cuscianna is a "private individual," but he theorizes that she "acted under color of state law by collaborating with [Child Protective Services] and influencing prosecutorial decisions, satisfying the joint-action standard" under § 1983.[17] Cuscianna moves to dismiss those civil-rights claims, contending that the complaint "fails to plead specific facts showing that [she] acted under color of state law or entered into any actionable agreement with government officials to violate [Crockford's] constitutional rights."[18]

"A plaintiff can show joint action either 'by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents.'"[19] To allege a conspiracy, the plaintiff must first show "an agreement or 'meeting of the minds' to violate constitutional rights.'"[20] Under the willful-participant approach, "joint action exists when the state has 'so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity.'"[21] "In other words, joint action is present when the [s]tate 'significantly involves itself in the private parties' actions and decisionmaking' in a 'complex and deeply intertwined process.'"[22] "This

---

[17] *Id.* at 5.

[18] ECF No. 109 at 2.

[19] *O'Handley v. Weber*, 62 F.4th 1145, 1159 (9th Cir. 2023) (quoting *Tsao v. Desert Palace*, 698 F.3d 1128, 1140 (9th Cir 2012)).

[20] *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989)).

[21] *Tsao*, 698 F.3d at 1140 (quoting *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989)).

[22] *O'Handley*, 62 F.4th at 1159 (quoting *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020)).

test is intentionally demanding and requires a high degree of cooperation between private parties and state officials to rise to the level of state action."[23]

The allegations in Crockford's complaint do not give rise to a plausible inference that Cuscianna and Clark County had an agreement to violate his constitutional rights or that they found themselves in a "position of interdependence" during the state-court proceedings. Crockford accuses Cuscianna of submitting false allegations to the Department of Family Services and the District Attorney's Office, failing to turn over exculpatory evidence to the court, interfering with court-ordered custody, obstructing a settlement agreement, and coaching their minor children to make false accusations against him.[24] Though many of these allegations necessarily involve the State because Cuscianna's action took place within the confines of a child-custody battle, nothing in Crockford's complaint supports the inference that the State was working in concert with Cuscianna to violate his constitutional rights. At most, Crockford's joint-action allegations consist of conclusory statements that Cuscianna and the County jointly reneged on a settlement agreement, but no actual facts support that conclusion. So I find that Crockford cannot plausibly bring a § 1983 action against Cuscianna based on a joint-action theory of liability, and I dismiss those claims with prejudice because I conclude that Crockford can plead no true set of facts that would save that theory.

**C. This court declines supplemental jurisdiction over the state-law claims against Cuscianna.**

All that then remains against Cuscianna is state-law claims for defamation, intentional infliction of emotional distress, malicious prosecution, fraud and misrepresentation, contempt of

---

[23] *Id.* at 1159–60 (citing *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002)).

[24] *See* ECF No. 24 at 51–54; ECF No. 114 at 2–3.

7

court, "coaching of false statements and psychological abuse," and tortious custodial inference.[25] A federal district court retains supplemental jurisdiction "over all other claims that are so related" to the claims over which the court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."[26] This means that this court can assert supplemental jurisdiction over state-law claims that are part of the same case or controversy as the jurisdiction-conferring federal-law claims. But a court "may decline to exercise supplemental jurisdiction over a claim" if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[27]

     I find that Crockford's state-law claims against Cuscianna are not adequately "related to" the remaining federal-law claims against the Clark County defendants. The United States Supreme Court has explained that "if, without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then . . . there is power in federal courts to hear the whole."[28] Although all of Crockford's claims arise from events that took place in his state-court proceedings, his allegations against Cuscianna are distinct and it does not appear that the same evidence would be used to try the state-law claims against her and the federal- and state-law claims against the

---

[25] ECF No. 24 at 54–65.
[26] 28 U.S.C. § 1367(a).
[27] 28 U.S.C. § 1367(c).
[28] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

County defendants. If Crockford were to have brought the claims against these defendants in separate cases, no reasonable judge would expect that they be tried in the same proceeding.

But even if all of Crockford's claims could be considered part of the same case or controversy, I would decline to exercise supplemental jurisdiction over his state-law claims against Cuscianna. There is a significant chance that the fact-intensive claims concerning Cuscianna's alleged fraud, misrepresentations, defamatory statements, and malicious behavior before the state court would substantially predominate over the federal issues still pending against Clark County. And I conclude that this is an exceptional circumstance that supports declining supplemental jurisdiction. "When deciding whether to exercise supplemental jurisdiction" under § 1367(c), "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."[29] Because Crockford's claims against Clark County have been stayed pending the resolution of his state-court matters, it does not serve judicial economy to go forward with the claims against Cuscianna that also involve those state-court cases. And declining supplemental jurisdiction and dismissing the state-law claims against Cuscianna, instead of staying this case in its entirety, permits Crockford to refile those claims in state court under 28 U.S.C. § 1367(d). So I decline supplemental jurisdiction over the state-law claims against Cuscianna and dismiss them without prejudice under 28 U.S.C. § 1367(c).

---

[29] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 523, 534 (1997) (cleaned up).

**C.    Clark County's motion to seal judicial records is granted.**

Clark County moves to seal records from the custody and juvenile cases underlying this dispute.[30] It argues that state law requires child-welfare information to remain confidential and that the exhibits are replete with the medical information of minors, which also should remain private. Clark County explains why each exhibit it attaches should be sealed.[31]

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[32] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[33] A party seeking to seal judicial records attached to dispositive motions like the motions for a temporary restraining order and preliminary injunction at issue here[34] can overcome the strong presumption of access by providing "sufficiently compelling reasons" that override the public policies favoring disclosure.[35] "When ruling on a motion to seal court records, the district court must

---

[30] ECF No. 101. This is Clark County's second attempt to seal these records. See ECF No. 32. I denied its first request because it failed to adequately explain what records were being sealed for what reasons. ECF No. 95 at 3–6.

[31] ECF No. 101 at 4–5.

[32] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[33] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[34] For sealing purposes, the Ninth Circuit considers dispositive any motion that "is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (citations omitted). Crockford's motions for a temporary restraining order and preliminary injunction, to which Clark County's sealed exhibits were filed in response, meet this definition.

[35] *In re Midland*, 686 F.3d at 1118; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

balance the competing interests of the public and the party seeking to seal judicial records" and "articulate a factual basis for each compelling reason to seal."[36]

I find that Clark County has articulated compelling reasons to seal its exhibits. Nevada law provides for confidentiality of child-welfare proceedings, and the County has shown that its exhibits all stem from proceedings that fall under those laws.[37] The exhibits also contain sensitive information about the minor children involved in this dispute, and I find that the interest in maintaining their privacy outweighs any public interest in those records.

Crockford's opposition does not contain any valid reasons to unseal Clark County's exhibits. He points out that state-law requirements do not govern whether documents should be sealed in federal court. That's true, but those requirements can provide compelling reasons to consider whether certain documents should be sealed. He also contends that the County's approach is not narrowly tailored because it could instead redact names and medical information rather than wholesale sealing its exhibits. But the sealed records are replete with this information; redacting would be a waste of resources and wouldn't provide the public with a clearer sense of what those records contain. Nor would redacting this information protect the privacy of the minor children involved in this dispute—a discerning member of the public could easily find the names of these children, particularly because this record already contains the full names of both parents and other information that could be used for identification. So I decline to permit redacted versions of these records, which contain depictions of minor sexual abuse and private medical information, to be released under these circumstances.

---

[36] *In re Midland*, 686 F.3d at 1119 (citations omitted).

[37] ECF No 101 at 2–5; Nev. Rev. Stat. §§ 432B.280, 432B.430.

11

Finally, Crockford argues that the County seeks sealing only as part of an attempt to "withhold or obscure the very evidence that proves their constitutional violations."[38] But Crockford has received all of the exhibits in the County's sealed filings. Because he has access to those records, the County cannot reasonably be accused of suppressing it. So, because compelling reasons justify sealing Clark County's exhibits and none of Crockford's objections justifies denying it, I grant the motion to seal.

## Conclusion

IT IS THEREFORE ORDERED that Alicia Renee Cuscianna's motion to dismiss **[ECF No. 109] is GRANTED**. The § 1983 claims against Cuscianna are dismissed, and the court declines to exercise supplemental jurisdiction over Crockford's state-law claims against Cuscianna. So all claims against Cuscianna are dismissed—without prejudice to Crockford's ability to refile his state-law claims against her in state court under 28 U.S.C. § 1367(d).

IT IS FURTHER ORDERED that Clark County's motion to seal **[ECF No. 101] is GRANTED. The Clerk of Court is directed to MAINTAIN THE SEAL on ECF Nos. 33 & 103.**

IT IS FURTHER ORDERED that Clark County's motion to dismiss **[ECF No. 31] is GRANTED in part.** Crockford's requests for injunctive and declaratory relief are **DISMISSED** under *Younger v. Harris*. But Crockford's claims seeking monetary relief against the County defendants are **STAYED** pending the full completion of the underlying state-court proceedings. The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE THIS CASE.**

---

[38] ECF No. 117 at 8.

IT IS FURTHER ORDERED that Crockford's motions for a temporary restraining order and preliminary injunction and his objection to the magistrate judge's order staying discovery **[ECF Nos. 25, 26, 86] are DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
November 21, 2025