**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Angel Michael Crockford,

      Plaintiff

v.

Clark County Department of Family Services, et al.,

      Defendants

Case No.: 2:25-cv-00917-JAD-MDC

**Order Granting Motion to Lift Stay and Motions to Seal, Denying Motion to Strike, and Referring Case to Magistrate Judge**

[ECF Nos. 127, 130, 131, 139]

Pro se plaintiff Angel Michael Crockford sues the Clark County Department of Family Services and related parties for alleged transgressions that took place during state-court child-custody proceedings. I previously narrowed Crockford's claims to those for monetary damages against the County defendants, and I stayed those claims "pending the final outcome of all the state proceedings referenced in the complaint."[1] I dismissed the rest of Crockford's claims.

Crockford now moves to lift the stay, contending that his state-court actions have been dismissed and no appeals are pending.[2] The County initially opposed on the basis that the state-court juvenile case at issue wasn't closed, but it later acknowledged that it is now closed with no pending appeal. It asks that, if I grant Crockford's motion, I only revive the claims for monetary damages and further limit the proceedings based on "jurisdictional bars, immunities, and threshold defects" that it alleges remain in Crockford's complaint.[3] It also moves to seal some exhibits and to strike one of Crockford's supplemental filings.

---

[1] ECF No. 126 at 2.

[2] ECF No. 127.

[3] ECF No. 139.

I grant Crockford's motion to lift the stay and reopen this case because it appears that the state-court proceedings at the center of this lawsuit have concluded. And I grant the County's motion to seal because there are compelling reasons to keep juvenile case records private. But I deny the County defendants' motion to strike, and I decline to consider the dismissal arguments made in that motion because that motion is not the right vehicle to raise those arguments. Because the completion of the underlying state-court case may change the applicable bases for dismissal, however, I grant the defendants the ability to file a second motion to dismiss addressing Crockford's claims in this new procedural posture. I also refer this case to the magistrate judge to determine what steps must be taken to get this case back on track.

**Discussion**

**A.      Crockford's motion to lift the stay is granted.**

On November 21, 2025, I granted in part the County's motion to dismiss this case, finding that the abstention doctrine articulated by the Supreme Court in *Younger v. Harris*[4] warranted dismissing Crockford's claims for injunctive and declaratory relief and staying his claims for monetary damages.[5] Four days later, Crockford filed a motion to lift the stay, representing that the juvenile-court case had been dismissed.[6] The County initially opposed the lift-stay motion because the state-court case was still open, but it later acknowledged that the case had been formally dismissed in December 2025.[7]

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

[5] ECF No. 126.

[6] ECF No. 127.

[7] *See* ECF Nos. 128, 139. The County also notes that it does not know whether Crockford's separate "private domestic case" that he also referenced in his complaint had been dismissed or closed. ECF No. 139. But Crockford contends that the instant case concerns the proceedings in the juvenile case only and there are no state-court proceedings pending on the issues that he raises in his federal complaint. *See* ECF No. 140 at 7.

Since the parties appear to agree that the state-court action that necessitated a stay is now resolved, I grant Crockford's motion to lift the stay.  This case moves forward only on the claims seeking monetary damages against the remaining County defendants.  And I do not address the County's request, made in its motion to strike one of Crockford's supplemental filings, that Crockford's claims should be subject to further dismissal based on other "jurisdictional bars, immunities, and threshold defects."[8]  A motion to strike a supplemental pleading is not the proper vehicle to raise arguments for dismissal—a motion to dismiss is.  But since reviving this case after state-court proceedings have concluded might raise new potential reasons for dismissal, I grant the County one additional opportunity to raise any threshold arguments for dismissal of Crockford's remaining claims.  Any such motion must be filed by June 15, 2026.  I also deny as moot the motion to strike Crockford's "supplemental notice in support of motion to lift stay" because I did not review that supplemental notice to resolve the motion to lift the stay.

**B.      Compelling reasons warrant sealing juvenile-court records.**

The County moves to seal a copy of the docket for the underlying juvenile-court case.[9]  "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[10]  "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[11]  "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently

---

[8] ECF No. 139.

[9] ECF Nos. 130, 131.

[10] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

[11] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

compelling reasons' that override the public policies favoring disclosure."[12]  "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[13]

The County has provided compelling reasons to maintain the seal on the docket of the juvenile-court case because that docket contains personal identifying information that the public does not have an interest in accessing.  The County also filed a redacted version of the docket in this case, and I find that the redactions are narrowly tailored to removing only personal identifying information from this record.  Crockford's oft-repeated objections to sealing records related to the juvenile court's record in this case still do not warrant unsealing those documents.[14] So I grant the County's motion to seal.

**Conclusion**

IT IS THEREFORE ORDERED that Crockford's motion to lift stay **[ECF No. 127] is GRANTED**.  The Clerk of Court is directed to LIFT THE STAY and **administratively REOPEN** this case.

IT IS FURTHER ORDERED that the County defendants' motion to seal **[ECF Nos. 130, 131] is GRANTED.**  The Clerk of Court is directed to MAINTAIN THE SEAL on ECF Nos. 129 and 131.

IT IS FURTHER ORDERED that the County defendants' motion to strike **[ECF No. 139] is DENIED as moot.**  The County defendants may file a renewed motion to dismiss to address the jurisdictional bars, immunities, and threshold issues that it identified in its motion to

---

[12] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[13] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[14] *See, e.g.,* ECF No. 126 at 11 (analyzing Crockford's opposition to previous motions to seal); ECF No. 134 (raising similar arguments in opposition to the current motion to seal).

strike **by June 15, 2026.** This case is **REFERRED to the magistrate judge** to determine what, if anything, needs to be done to get this case back on a normal litigation track.

_____
U.S. District Judge Jennifer A. Dorsey
June 1, 2026